**So Ordered.**

**Dated: June 24th, 2015**



Frank L. Kurtz
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In re: | ) | NO. 13-04206-FLK11 |
| | ) | |
| BEHLING DAIRY MANAGEMENT, INC., | ) | FINDINGS OF FACT AND |
| | ) | CONCLUSIONS OF LAW |
| Debtor. | ) | |

THIS MATTER having come on for hearing before the Honorable Frank L. Kurtz, United States Bankruptcy Judge for the Eastern District of Washington by telephone conference on June 1, 2015, the Debtors appearing by and through their attorney of record JAMES P. HURLEY of Hurley & Lara, the U.S. Trustee represented by GARY DYER, the Unsecured Creditors Committee being represented by PAUL LARSON of Larson, Berg & Perkins, Columbia State Bank being represented by DAVID CRISWELL of Ball Janik, and Zions Agricultural Finance/U.S. Bank being represented by BRIAN WALKER of Ogden, Murphy, Wallace, and the Court having considered the Debtor's First Amended Disclosure Statement and First Amended Plan of Reorganization filed in this matter and the Stipulations between Columbia State Bank and the Debtor, Zions Agricultural Finance/U.S. Bank and the Debtor, and the Unsecured Creditors Committee and the Debtor, and the argument of counsel and the testimony of Jeffrey Behling, the Court now makes the following:

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

-1-

HURLEY & LARA
Attorneys at Law
411 N 2nd Street
Yakima, WA 98901
(509) 248-4282

13-04206-FLK11    Doc 173    Filed 06/24/15    Entered 06/25/15 10:34:00    Pg 1 of 5

## FINDINGS OF FACT

1. Debtor's First Amended Plan of Reorganization was filed January 14, 2015 and was submitted to creditors and other parties in interest; and

2. That subject to the terms of the Stipulations between Columbia State Bank and the Debtor, Zions Agricultural Finance/U.S. Bank and the Debtor, and the Unsecured Creditors Committee and the Debtor, the Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law; and

3. The provisions of Chapter 11 of the United States Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law; and

4. That (a) each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Code on such date, or (b) the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan; and

5. All payments made or promised by the Debtor, or by a person issuing securities or acquiring property under the Plan, or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

6. Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtor; and

7. That pursuant to the Plan, the following acts or events constitute substantial

FINDINGS OF FACT AND
CONCLUSIONS OF LAW                    -2-                    HURLEY & LARA
                                                              Attorneys at Law
                                                              411 N 2nd Street
                                                              Yakima, WA 98901
                                                              (509) 248-4282

13-04206-FLK11    Doc 173    Filed 06/24/15    Entered 06/25/15 10:34:00    Pg 2 of 5

consummation of the Plan: Seventy-five (75) days following confirmation, provided the Debtor has made all installments provided by this Plan to be paid within that time; and

8. Creditors were given Notice of Confirmation and no objections thereto were made, or if made, have been resolved or overruled and it is proper that Debtor's Plan be confirmed subject to the three Stipulations set forth above.

Based upon the foregoing Findings of Fact, the Court now makes the following:

## **CONCLUSIONS OF LAW**

1. Subject to the terms of the Confirmation Order and the Stipulations enumerated in the Findings of Fact, the Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

2. The provisions of Chapter 11 have been complied with; the Plan has been proposed in good faith and not by any means forbidden by law; and

3. (i) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value as of the effective date of the Plan that is not less than the amount that such holder would receive or retain if Debtor were liquidated under Chapter 7 of the Code on such date; or

(ii) The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest that are impaired under the Plan and has not accepted the Plan; and

4. All payments made or promised by the Debtor or by the person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are

FINDINGS OF FACT AND
CONCLUSIONS OF LAW -3-

HURLEY & LARA
Attorneys at Law
411 N 2nd Street
Yakima, WA 98901
(509) 248-4282

13-04206-FLK11    Doc 173    Filed 06/24/15    Entered 06/25/15 10:34:00    Pg 3 of 5

reasonable or, if to be fixed after Confirmation of the Plan, will be subject to approval of the Court; and

5. The identity, qualifications and affiliations of the persons who are to be managers of the Debtor after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices or the continued appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interest of the creditors and equity security holders and with public policy; and

6. The identity of any insider that will be employed or retained by the Debtor and their compensation has been fully disclosed; and

7. Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtor; and

8. Substantial confirmation shall not occur before the seventy-fifth (75th) day after the effective date; and

Closing of the case: Sixty (60) days following the filing of the final account, the final Decree will be entered and the case shall be closed, unless a Motion is filed requesting that the final Decree not be so entered; and

9. Debtor's Plan, as amended by the Stipulations between Columbia State Bank and the Debtor, Zions Agricultural Finance/U.S. Bank and the Debtor, and the Unsecured Creditors Committee and the Debtor, shall be confirmed; and

10. If a Final Account has not been filed within one hundred and eighty (180) days following the Confirmation of the Plan, a Final Decree may be entered and the case closed unless a party in interest has filed a written objection.

/// END OF ORDER ///

FINDINGS OF FACT AND
CONCLUSIONS OF LAW                    -4-                            HURLEY & LARA
                                                                     Attorneys at Law
                                                                     411 N 2nd Street
                                                                     Yakima, WA 98901
                                                                     (509) 248-4282

13-04206-FLK11    Doc 173    Filed 06/24/15    Entered 06/25/15 10:34:00    Pg 4 of 5

Presented by:

s/ James P. Hurley
JAMES P. HURLEY          WSBA #6615
Attorney for Debtor

APPROVED:

_____
GARY DYER
Attorney for the U.S. Trustee

_____
PAUL M. LARSON          WSBA #06010
LARSON BERG & PERKINS PLLC
Attorneys for Unsecured Creditors Committee

s/ David W. Criswell
DAVID W. CRISWELL       WSBA #33410
BALL JANIK LLP
Attorneys for Columbia State Bank

s/ Brian Walker
BRIAN WALKER            WSBA #26586
OGDEN MURPHY WALLACE, PLLC
Attorneys for Zions Agricultural Finance/U.S. Bank

FINDINGS OF FACT AND                -5-                HURLEY & LARA
CONCLUSIONS OF LAW                                     Attorneys at Law
                                                       411 N 2nd Street
                                                       Yakima, WA 98901
                                                       (509) 248-4282

13-04206-FLK11    Doc 173    Filed 06/24/15    Entered 06/25/15 10:34:00    Pg 5 of 5